IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MICHAEL STEVEN BAUERMEISTER, | ) | |
|---|---|---|
| | ) | 8:17CV437 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| YOUTUBE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

After granting Plaintiff leave to proceed in forma pauperis, the court now conducts an initial review of Plaintiff's Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, a resident of Nebraska, sues California-based YouTube, LLC, because YouTube has allegedly "made it almost impossible for a copyright owner or a person [who has] the permission of the copyright owner to file a proper Digital Millennium Copyright Act[] complaint on their website," in violation of 17 U.S.C. § 512, "which make[s] them liable of illegal copyright property . . . worth $20,000,000.00 . . . ." Besides money damages, Plaintiff asks the court to "give non commercial copyright owner[]s" the "same access as commercial have when [they] file a Digital Millennium Copyright complaint with YouTube, LLC." (Filing No. 1 at CM/ECF pp. 4-5.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that

fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

In the Digital Millennium Copyright Act, Pub. L. No. 105-304, 122 Stat. 2860 (1998) (codified as amended in scattered sections of 17 U.S.C.) (Westlaw 2018) ("DMCA"), Congress

> established a "safe harbor" protecting the [internet] service provider from monetary, injunctive or other equitable relief for infringement of copyright in the course of service such as YouTube's. The Act places the burden of notifying such service providers of infringements upon the copyright owner or his agent. It requires such notifications of claimed infringements to be in writing and with specified contents and directs that deficient notifications shall not be considered in determining

2

whether a service provider has actual or constructive knowledge.

*Viacom Int'l Inc. v. YouTube, Inc.*, 940 F. Supp. 2d 110, 114-15 (S.D.N.Y. 2013) (citing 17 U.S.C. § 512(c)(3)(B)(i)).

One of these "safe harbors" is 17 U.S.C. § 512(d), which provides that an internet service provider like YouTube[1] is not liable for copyright infringement "by reason of the provider referring or linking users to an online location containing infringing material" if (1) the provider does not have knowledge of the infringing material or, upon obtaining such knowledge, acts expeditiously to remove the material; (2) does not receive a financial benefit from the infringing activity; and (3) when the provider is notified of the infringement, it responds expeditiously to remove or disable access to the infringing material.

In order to avoid liability for copyright infringement, 17 U.S.C. § 512(c)(2) requires the service provider to designate an agent to receive notifications of alleged infringement "by making available through its service, including on its website in a location accessible to the public, and by providing to the Copyright Office" the name, address, phone number, and electronic mail address of the designated agent and other information deemed appropriate by the Register of Copyrights. This section requires the Register of Copyrights to "maintain a current directory of agents available to the public for inspection, including through the Internet."[2] An internet service provider's

---

[1] YouTube is a "provider" within the meaning of 17 U.S.C. § 512. *Viacom Int'l Inc. v. YouTube, Inc.*, 940 F. Supp. 2d 110, 114-15 (S.D.N.Y. 2013).

[2] *See* 37 C.F.R. § 201.38 (Westlaw 2018) (to successfully comply with 17 U.S.C. § 512(c)(2), service provider must designate agent electronically through Copyright Office's online registration system and make "available through its service, including on its website in a location accessible to the public . . . the service provider and designated agent information" and must update such information on its website and with the Copyright Office).

3

failure to identify such an agent can subject it to liability for copyright infringement. *Disney Enterprises, Inc. v. Hotfile Corp.*, No. 11-20427-CIV, 2013 WL 6336286, at *26 (S.D. Fla. Sept. 20, 2013) (provider's failure to identify agent on its website until May 2010 made provider ineligible for safe harbor provisions in § 512(c)(2) through date it published its agent's contact information on its website).

Because "Congress has determined that the burden of identifying what must be taken down is to be on the copyright owner," *Viacom Int'l Inc.*, 940 F. Supp. 2d at 115, the copyright owner must notify the provider's designated agent of the alleged infringement in a specific and detailed manner. *See* 17 U.S.C. § 512(c)(3)(A) (copyright owner or his agent must notify service provider in writing of the alleged infringement, including information sufficient to permit service provider to locate the material and to contact complaining party). The moment the provider "becomes aware that a third party is using its system to infringe," the DMCA shifts responsibility to the provider to "disable the infringing matter." *ALS Scan, Inc. v. RemarQ Communities, Inc.*, 239 F.3d 619, 625 (4th Cir. 2001).

Here, Plaintiff does not claim copyright infringement by alleging that he owns a valid copyright on material that has been posted on, and transmitted by, YouTube; that YouTube had knowledge of material that infringed upon Plaintiff's valid copyright; and that upon obtaining such knowledge, YouTube failed to expeditiously remove the material. *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 962 (8th Cir. 2005) (elements of copyright-infringement claim).

Rather, without any factual allegations, Plaintiff claims that YouTube's website infringement-notification system gives substandard access to non-commercial copyright holders like him, as compared with commercial copyright holders. Plaintiff has not cited, nor has the court found, any case or statute providing a private right of

4

action for such a claim.³ Andres Sawicki, *Repeat Infringement in the Digital Millennium Copyright Act*, 73 U. Chi. L. Rev. 1455, 1461 (2006) (17 U.S.C. § 512 limits service providers' liability and exposure to financial damages for direct, contributory, and vicarious infringement).

Plaintiff's claim hints at a "willful blindness" sort of argument—that is, that YouTube is deliberately avoiding guilty knowledge by making it difficult for non-commercial copyright owners to leave notices of infringement on its website. But, in the copyright context, this argument is typically used in the course of "demonstrat[ing] knowledge or awareness of *specific* instances of infringement under the DMCA," not as an independent cause of action. *Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 35 (2d Cir. 2012) (emphasis added); *see also Viacom Int'l Inc.*, 940 F. Supp. 2d at 116 (service provider "may not shield itself from learning of the particular infringing transactions by looking the other way" (internal quotation and citation omitted)). Here, Plaintiff has not pled any facts setting forth a specific instance of copyright infringement.

Therefore, Plaintiff's Complaint fails to state a claim upon which relief can be granted. However, out of an abundance of caution, the court will provide Plaintiff with an opportunity to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

---

³Even if Plaintiff's claim did constitute a valid cause of action, Plaintiff does not explain how YouTube's system is faulty or how Plaintiff was unable to notify YouTube of an infringement claim, particularly when "copyright owners may still contact the designated agent by telephone or email," and a list of service providers' agents is also accessible to the public on the Copyright Office's website. U.S. Copyright Office, *Designation of Agent To Receive Notification of Claimed Infringement*, 81 FR 75695-01, 2016 WL 6408569 at *75702 (Nov. 1, 2016) (discussion of 37 C.F.R. § 201.38).

IT IS THEREFORE ORDERED that:

1. Plaintiff shall file an amended complaint by March 5, 2018, that states a claim upon which relief may be granted. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: March 5, 2018—check for amended complaint.

DATED this 2nd day of February, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge