IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MICHAEL STEVEN BAUERMEISTER, | ) ) ) | |
|---|---|---|
| | ) | 8:17CV437 |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND ORDER** |
| YOUTUBE, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

On February 2, 2018 (Filing No. 6), and again on March 19, 2018 (Filing No. 11), this court ordered Plaintiff to file an amended complaint stating a claim upon which relief can be granted, in the absence of which the court would dismiss this case without further notice. In response, Plaintiff filed a "Memorandum," which the court shall construe as an Amended Complaint (Filing No. 12).

Plaintiff's Amended Complaint simply expands his claim that YouTube's website infringement-notification system gives substandard access to non-commercial copyright holders, as compared with commercial copyright holders. These allegations have already been discussed and dismissed for failure to state a claim upon which relief can be granted.[1] (Filing No. 6 at CM/ECF pp. 4-5.)

As to Plaintiff's potential copyright-infringement claim, and contrary to the court's prior order, Plaintiff's Amended Complaint does not allege specific facts

---

[1]Even had these allegations stated a claim, it is unlikely Plaintiff would have Article III standing to pursue it because he has not alleged any particularized and actual injury. *In re SuperValu, Inc.*, 870 F.3d 763, 768 (8th Cir. 2017); *Wallace v. ConAgra*, 747 F.3d 1025, 1030-33 (8th Cir. 2014). Even in the context of a statutory violation, Article III requires a "concrete injury" that "actually exist[s]" and is "not abstract." *Braitberg v. Charter Commc'ns, Inc.*, 836 F.3d 925, 930 (8th Cir. 2016) (internal quotation marks and citation omitted).

showing that (1) Plaintiff owns a valid copyright on material that has been posted on, and transmitted by, YouTube; (2) YouTube had knowledge of material that infringed upon Plaintiff's valid copyright; and (3) upon obtaining such knowledge, YouTube failed to expeditiously remove the material. Specifically—and as the court directed in Filing No. 11—Plaintiff has not alleged:

> true and specific facts describing the material at issue; establishing that Plaintiff owns a valid copyright on such material; explaining that such material was posted on and transmitted by YouTube and the dates of those occurrences; stating that YouTube knew about the material and how and when it came to know about it; and indicating that when YouTube learned about the infringing material, it failed to quickly remove it.

Therefore, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, and this case must be dismissed.

IT IS ORDERED:

1. Plaintiff's Complaint (Filing No. 1) and Amended Complaint (Filing No. 12) are dismissed without prejudice for failure to state a claim upon which relief can be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of May, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge